## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

IN RE:                                        CASE NO.: 8:19-bk-03039-RCT
                                                           CHAPTER 7

**Rodolfo Marin,**

      **Debtor.**

_____/

## MOTION FOR RELIEF FROM AUTOMATIC STAY
### (*Final Judgment of Foreclosure Obtained*)

---

**NOTICE OF OPPORTUNITY TO
OBJECT AND REQUEST FOR HEARING**

**Pursuant to Local Rule 2002-4, the Court will consider the relief requested in this paper without further notice or hearing unless a party in interest files a response within twenty-one (21) days from the date set forth on the attached proof of service, plus an additional three days for service if any party was served by U.S. Mail.**

**If you object to the relief requested in this paper, you must file a response with the Clerk of the Court at Sam M. Gibbons United States Courthouse, 801 N. Florida Avenue, Suite 555, Tampa, Florida 33602 and serve a copy on the movant's attorney, Attorney for Secured Creditor, at Robertson, Anschutz & Schneid, PL, 6409 Congress Ave., Suite 100, Boca Raton, FL 33487, and any other appropriate persons within the time allowed. If you file and serve a response within the time permitted, the Court will either schedule and notify you of a hearing, or consider the response and grant or deny the relief requested without a hearing.**

**If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.**

---

Secured Creditor, HSBC Bank USA, National Association as Trustee for Structured Adjustable Rate Mortgage Loan Trust, Mortgage Pass-Through Certificates, Series 2007-9, by and through the undersigned counsel, hereby moves this Court, pursuant to 11 U.S.C. § 362(d), for a modification of the automatic stay provisions for cause, and, in support thereof, states the following:

1. Debtor(s), Rodolfo Marin, filed a voluntary petition pursuant to Chapter 7 of the United States Bankruptcy Code on April 3, 2019

2. Jurisdiction of this cause is granted to the Bankruptcy Court pursuant to 28 U.S.C. § 1334, 11 U.S.C. § 362(d), Fed. R. Bankr. P. 4001(a), and all other applicable rules and statutes affecting the jurisdiction of the Bankruptcy Courts generally.

3. Secured Creditor hereby waives the requirements of 11 U.S.C. § 362(e). The automatic stay of any act against property of the estate under § 362(a) shall continue until this Court orders or the stay is otherwise terminated by operation of law.

4. Secured Creditor filed a foreclosure complaint against the Debtor(s) in the Circuit Court for the Twelfth Judicial Circuit in and for Manatee County, Case Number: 41-2016-CA-003041, due to the default under the terms of the Note and Mortgage securing Secured Creditor's interest in certain real property legally described as:

   **LOT 185, RIVER PLACE, A SUBDIVISION, ACCORDING TO THE PLAT THEREOF AS RECORDED IN PLAT BOOK 42, PAGES 173 THRU 198, OF THE PUBLIC RECORDS OF MANATEE COUNTY, FLORIDA.**
   This property is located at the street address of: 6987 74th St Cir E Bradenton, FL 34203.

5. A Final Judgment of Foreclosure ("Judgment") was entered against the Debtor(s) on April 12, 2018, in the amount of $659,140.82. A true and accurate copy of the Judgment attached hereto as Exhibit "A." The Judgment has not been satisfied by the Debtor(s).

6. The appraised value of the property is $426,288.00. See Exhibit "B" which is attached hereto and permissible as a property valuation under Fed. R. Evid. 803(8).

7. Based upon the Debtor(s)' schedules, the property is listed non-exempt. The Trustee has

not abandoned the property.

8.  Secured Creditor's security interest in the subject property is being significantly jeopardized by Debtor(s)' failure to comply with the terms of the subject loan documents while Secured Creditor is prohibited from pursuing lawful remedies to protect such interest.  Secured Creditor has no protection against the erosion of its collateral position and no other form of adequate protection is provided.

9.  If Secured Creditor is not permitted to enforce its security interest in the collateral or be provided with adequate protection, it will suffer irreparable injury, loss, and damage.

10. Secured Creditor respectfully requests the Court grant it relief from the Automatic Stay in this cause pursuant to §362(d)(1) of the Bankruptcy Code, for cause, namely the lack of adequate protection to Secured Creditor for its interest in the above stated collateral.  The value of the collateral is insufficient in and of itself to provide adequate protection which the Bankruptcy Code requires to be provided to the Secured Creditor. Secured Creditor additionally seeks relief from the Automatic Stay pursuant to §362(d)(2) of the Bankruptcy Code, as the collateral is unnecessary to an effective reorganization of the Debtor's assets.

11. Once the stay is terminated, the Debtor will have minimal motivation to insure, preserve, or protect the collateral; therefore, Secured Creditor requests that the Court waive the 14-day stay period imposed by Fed.R.Bankr.P. 4001(a)(3).

12. Secured Creditor has incurred court costs and attorney's fees in this proceeding and will incur additional fees, costs and expenses in foreclosing the Mortgage and in preserving

and protecting the property, all of which additional sums are secured by the lien of the mortgage. Secured Creditor seeks an award of its reasonable attorneys' fees and costs, or alternatively, leave to seek recovery of its reasonable attorneys' fees and costs in any pending or subsequent foreclosure proceeding.

13. A Proposed Order accompanies this Motion. See Exhibit "C" attached hereto.

**WHEREFORE**, Secured Creditor, prays this Honorable Court enter an order modifying the automatic stay under 11 U.S.C. § 362(d) to permit Secured Creditor to take any and all steps necessary to exercise any and all rights it may have in the collateral described herein, to gain possession of said collateral, to waive the 14-day stay imposed by Fed.R.Bankr.P. 4001(a)(3), to seek recovery of its reasonable attorneys' fees and costs incurred in this proceeding, and to any such further relief as this Honorable Court deems just and appropriate.

Date: April 19, 2019

<div style="margin-left:40%">

ROBERTSON, ANSCHUTZ & SCHNEID, P.L.
Attorney for Secured Creditor
6409 Congress Ave., Suite 100
Boca Raton, FL 33487
Telephone: 561-241-6901
Facsimile: 561-241-1969

By: /s/ Nathalie Rodriguez
Nathalie Rodriguez, Esquire
Florida Bar Number: 125114
Email: nrodriguez@rasflaw.com

</div>

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on April 19, 2019, I electronically filed the foregoing with

the Clerk of Court by using the CM/ECF system, and a true and correct copy has been served via

CM/ECF or United States Mail to the following parties:

Rodolfo Marin
4516 62 Ave East
Bradenton, FL 34203

David Smith
Law Office of David W Smith, PL
5020 Clark Rd, Ste 412
Sarasota, FL 34233

Beth Ann Scharrer
PO Box 4550
Seminole, FL 33775

United States Trustee - TPA7/13
Timberlake Annex, Suite 1200
501 E Polk Street
Tampa, FL 33602

ROBERTSON, ANSCHUTZ & SCHNEID, P.L.
Attorney for Secured Creditor
6409 Congress Ave., Suite 100
Boca Raton, FL 33487
Telephone: 561-241-6901
Facsimile: 561-241-1969

By: /s/ Nathalie Rodriguez
Nathalie Rodriguez, Esquire
Florida Bar Number: 125114
Email: nrodriguez@rasflaw.com

**EXHIBIT "A"**

IN THE CIRCUIT COURT OF THE
TWELFTH JUDCIAL CIRCUIT,
IN AND FOR MANATEE, FLORIDA

**FOR CLERK'S USE ONLY**

CLERK CASE NUMBER:
41-2016-CA-003041

HSBC BANK USA NATIONAL
ASSOCIATION AS TRUSTEE FOR
STRUCTURED ADJUSTABLE RATE
MORTGAGE LOAN TRUST MORTGAGE
PASS-THROUGH CERTIFICATES SERIES
2007-9,
     Plaintiff,

vs.

RODOLFO J. MARIN; UNKNOWN SPOUSE
OF RODOLFO J. MARIN; MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS,
INC. AS NOMINEE FOR BAYROCK
MORTGAGE CORPORATION ; ANY AND
ALL UNKNOWN PARTIES CLAIMING BY,
THROUGH, UNDER, AND AGAINST THE
HEREIN NAMED INDIVIDUAL
DEFENDANT(S) WHO ARE NOT KNOWN
TO BE DEAD OR ALIVE, WHETHER SAID
UNKNOWN PARTIES MAY CLAIM AN
INTEREST AS SPOUSES, HEIRS,
DEVISEES, GRANTEES, OR OTHER
CLAIMANTS,
     Defendant(s).

## UNIFORM FINAL JUDGMENT OF MORTGAGE FORECLOSURE

*This form substantially complies with Form 1.996, adopted by the Florida Supreme Court
February 11, 2010, SC09-1579, and revised by the Florida Supreme Court on December 9, 2010, SC09-1579; form
published in 12th Circuit on 4-5-10 and revised on 1/4/2011*

**THIS action was tried before the Court. On the evidence presented**

**IT IS ORDERED AND ADJUDGED that Plaintiff's Final Judgment is GRANTED** against
all defendants listed by name: RODOLFO J. MARIN; MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC. AS NOMINEE FOR BAYROCK MORTGAGE
CORPORATION ; .

16-044350 - TaM

1.    Plaintiff, **c/o Nationstar Mortgage LLC d/b/a Mr. Cooper, 8950 Cypress Waters Blvd., Coppell, TX 75019**, is due.

| | |
|---|---:|
| Principal: | $468,000.00 |
| Interest to this date of judgment: April 12, 2018 | $113,791.64 |
| Inspections | $1,020.30 |
| Property Appraisals | $505.00 |
| Property Preservation | $560.00 |
| Hazard Insurance | $17,497.65 |
| Taxes | $25,792.15 |
| Legal Fees | $28,256.58 |
| • Filing Fees: $2,003.08 | |
| • Service of Process: $275.00 | |
| • Lis Pendens: $10.00 | |
| • Mediation Cost: $225.00 | |
| • Title Update: $60.00 | |
| • Attorney Mediation Fee: $250.00 | |
| • Paid Attorney Hourly Fees: $9,245.00 | |
| • Paid Flat Fee: $2,415.00 | |
| • Remaining Legal Fees: $13,773.50 | |
| Attorneys' Fees: | |
| Finding as to reasonable number of hours: 11.50 | |
| Finding as to reasonable hourly rate: $215.00 | |
| Total Attorney Hourly Fees: $11,717.50 | |
| Outstanding Attorney Hourly Fees: $2,472.50 | |
| Total Flat Fee: $3,450.00 | |
| Outstanding Flat Fee: $1,035.00 | |
| Outstanding Attorneys' Fee Total: | $3,507.50 |
| SUBTOTAL | $658,930.82 |
| Additional Costs | |
| Court Reporting Cost | $110.00 |
| Skip Trace | $100.00 |
| **TOTAL** | **$659,140.82** |

that shall bear interest at the rate of 5.72% a year.

2.    Plaintiff holds a lien for the total sum superior to all claims or estates of defendant(s), on the following described property in MANATEE County, Florida:

**LOT 185, RIVER PLACE, A SUBDIVISION, ACCORDING TO THE PLAT THEREOF AS RECORDED IN PLAT BOOK 42, PAGES 173 THRU 198, OF THE PUBLIC RECORDS OF MANATEE COUNTY, FLORIDA.**

**6987 74TH ST CIR E, BRADENTON, FL 34203**

16-044350 - TaM

3. If the total sum with interest at the rate described in paragraph 1 and all costs accrued subsequent to this judgment are not paid, the clerk of this court shall sell the property at public sale as set forth below to the highest bidder for cash, except as prescribed in paragraph 4, in accordance with section 45.031, Florida Statutes, using the following method:

| Sales Information | Date [Clerk Inserts] | Time | Location |
|---|---|---|---|
| **Sarasota County** | | 9:00 am | Foreclosure sales conducted via Internet: www.sarasota.realforeclose.com |
| **Manatee County** | 9/11/18 | 11:00 am | Foreclosure sales conducted via Internet: www.manatee.realforeclose.com |
| **DeSoto County** | | 11:00 am | DeSoto County Courthouse 115 E. Oak Street, Arcadia, FL, 34266 www.desotoclerk.com |

4. Plaintiff shall advance all subsequent costs of this action and shall be reimbursed for them by the clerk if Plaintiff is not the purchaser of the property for sale, provided, however, that the purchaser of the property for sale shall be responsible for the documentary stamps payable on the certificate of title. If plaintiff is the purchaser, the clerk shall credit plaintiff's bid with the total sum with interest and costs accruing subsequent to this judgment, or such part of it, as is necessary to pay the bid in full.

5. On filing the certificate of title the clerk shall distribute the proceeds of the sale, so far as they are sufficient, by paying; first all of plaintiff's costs; second, documentary stamps affixed to the certificate; third, plaintiff's attorneys' fees; fourth, the total sum due to plaintiff, less the items paid, plus interest at the rate prescribed in paragraph 1 from this date to the date of the sale; and by retaining any remaining amount pending the further order of this court.

6. On filing the certificate of sale, defendant(s) and all persons claiming under or against defendant(s) since the filing of the notice of lis pendens shall be foreclosed of all estate or claim in the property, except as to claims or rights under chapter 718 or chapter 720, Florida Statutes, if any. Upon the filing of the certificate of title, the person named on the certificate of title shall be let into possession of the property. If any defendant remains in possession of the property, the clerk shall without further order of the court issue forthwith a writ of possession upon request of the person named on the certificate of title.

**NOTICE: Issuance of a writ of possession does not exempt plaintiff from complying with federal law requiring notice to tenants residing on foreclosed property. To insure compliance with federal law, Plaintiff should consult with counsel before serving the writ of possession.**

7. Jurisdiction of this action is retained to enter further orders that are proper including, without limitation, a deficiency judgment **(if sought and appropriate), an award of attorney's fees and costs, writs of possession, orders granting leave to file supplemental and/or**

amended pleadings to add additional parties, and orders resolving any disputes with respect to assessments and/or other amounts allegedly due associations.

**NOTICE PURSUANT TO §45.031, FLORIDA STATUTES (2006).**

If this property is sold at public auction, there may be additional money from the sale after payment of persons who are entitled to be paid from the sale proceeds pursuant to this Final Judgment.

If you are subordinate lienholder claiming a right to funds remaining after the sale, you must file a claim with the Clerk no later than sixty (60) days after the sale. If you fail to file a claim, you will not be entitled to any remaining funds.

*If the property being foreclosed on has qualified for the homestead tax exemption in the most recent approved tax roll, the following additional language applies;*

If you are the property owner, you may claim these funds yourself. You are not required to have a lawyer or any other representation and you do not have to assign your rights to anyone else in order for you to claim any to which you are entitled. Please check with the Clerk of Court for your county within (10) days after the sale to see there is additional money from the foreclosure sale that the clerk has in the registry of the Court.

| Sarasota County Clerk of Court | Manatee County Clerk of Court | Desoto County Clerk of Court |
|---|---|---|
| 2000 Main Street Sarasota, Florida 34327 (941) 861-7400 www.sarasotaclerk.com | 1115 Manatee Ave W Bradenton, FL 34205 (941) 749-1800 www.manateeclerk.com | 115 East Oak Street Arcadia, FL 34266 (863) 993-4878 www.desotoclerk.com |

If you decide to sell your home or hire someone to help you claim the additional money, you should read very carefully all papers you are required to sign, ask someone else, preferably an attorney who is not related to the person offering help to you, to make sure that you understand what you are signing and that you are not transferring your property or the equity in your property without the proper information. If you cannot afford to pay an attorney, you may contact the local legal services listed below to see if you qualify financially for their services. If they cannot assist you, they may be able to refer you to a local bar referral agency or suggest other options. If you choose to contact one of the services listed below, you should do so as soon as possible after the receipt of this notice.

| Sarasota County | Manatee County | DeSoto County |
|---|---|---|
| **Legal Aid of Manasota Sarasota Office** 1900 Main Street, Suite 302 Sarasota, Florida 34236 (941) 366-0038 Venice Office 7810 South Tamiami Trail Suite A6 | **Legal Aid of Manasota** 1101 6th Avenue West Bradenton, Florida 34205 (941) 747-1628 www.gulfcoastlegal.org **Gulfcoast Legal Servicese** 430 12th Street West Bradenton, Florida 34205 | **Fla. Rural Legal Services** 3210 Cleveland Avenue, Suite A Ft. Meyers, Florida 33901 (800) 476-8937 www.flrs.org |

16-044350 - TaM

| | | |
|---|---|---|
| Venice, Florida 34236 (941) 366-1746 **Gulfcoast Legal Services** 1750 17th Street, Bldg. 1 Sarasota, Florida 34236 (941) 366-1746 www.gulfcoastlegal.org | (941) 746-6151 www.gulfcoastlegal.org | |

     **DONE AND ORDERED** in Chambers in Manatee County, Florida, this 12th day of April, 2018.

ORIGINAL SIGNED

APR 1 2 2018

GEORGE K. BROWN, JR.
SENIOR JUDGE

_____
HONORABLE PRESIDING JUDGE

COPIES FURNISHED TO:

ROBERTSON, ANSCHUTZ & SCHNEID, P.L.
ATTORNEYS FOR PLAINTIFF
6409 CONGRESS AVE., SUITE 100
BOCA RATON, FL 33487
PRIMARY EMAIL: MAIL@RASFLAW.COM

LAW OFFICE OF DAVID W. SMITH P.L.
DAVID W. SMITH, ESQ.
ATTORNEY FOR RODOLFO J. MARIN
C/O LAW OFFICE OF DAVID W. SMITH P.L.
5020 CLARK ROAD STE 412
SARASOTA, FL 34233
PRIMARY EMAIL: DAVID@DWSMITHLAW.COM

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR
BAYROCK MORTGAGE CORPORATION
C/O CT CORPORATION SYSTEM 1200 S. PINE ISLAND RD.
PLANTATION, FL 33324

16-044350 - TaM

**EXHIBIT "B"**

**PARID: 1901324759**

**MARIN RODOLFO J**                                             **6987 74TH STREET CIR E**

Total Value

**Latest Certified Values** **

| | |
|---|---|
| Tax Year: | 2018 |
| Just Land Value: | $45,000 |
| Just Improvement Value: | $381,288 |
| Total Just Value: | $426,288 |
| New Construction: | $0 |
| Addition Value: | $0 |
| Demolition Value: | $0 |
| Save Our Homes Savings: | $0 |
| Non Homestead Cap Savings: | $0 |
| Market Value of Classified Use Land: | $0 |
| Classified Use Value: | $0 |
| Total Assessed Value: | $426,288 |

**Previous Year Values**

| | |
|---|---|
| Previous Year Just Value: | $411,935 |
| Previous Year Assessed Value: | $411,935 |
| Previous Year Cap Value: | $0 |

**Values are not warranted and are subject to change until TRIM notices
are mailed in August.

Non-Ad Valorem Assessments

Levying Authority

| | |
|---|---|
| EAST MANATEE FIRE RESCUE DIST | $350.54 |

**EXHIBIT "C"**

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**
**www.flmb.uscourts.gov**

IN RE:                                              CASE NO.: 8:19-bk-03039-RCT
                                                                        CHAPTER 7

Rodolfo Marin,

     Debtor.

_____/


## ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY

THIS CASE came on consideration without a hearing on HSBC Bank USA, National Association as Trustee for Structured Adjustable Rate Mortgage Loan Trust, Mortgage Pass-Through Certificates, Series 2007-9's ("Secured Creditor") Motion for Relief from Stay (Docket No. ___).  No appropriate response has been filed in accordance with Local Rule 2002-4.  Accordingly, it is:

**ORDERED:**

1.  Secured Creditor's Motion for Relief from Automatic Stay is GRANTED.

2.  The automatic stay imposed by 11 U.S.C. § 362 is terminated as to the Secured Creditor's interest in the following property located at 6987 74th St Cir E Bradenton, FL 34203 in Manatee County, Florida, and legally described as:

    LOT 185, RIVER PLACE, A SUBDIVISION, ACCORDING TO THE PLAT

    THEREOF AS RECORDED IN PLAT BOOK 42, PAGES 173 THRU 198,

    OF THE PUBLIC RECORDS OF MANATEE COUNTY, FLORIDA.

3.  The Order Granting Relief from Stay is entered for the sole purpose of allowing Secured Creditor to exercise any and all *in rem* remedies against the property described above. Secured Creditor shall not seek an *in personam* judgment against Debtor(s).

4.  Secured Creditor is further granted relief in order to contact the Debtor(s) by telephone or written correspondence in order to discuss the possibility of a forbearance agreement, loan modification, refinance agreement or loan workout/loss mitigation agreement.

5.  The Secured Creditor's request to waive the 14-day stay period pursuant to Bankruptcy Rule 4001(a)(3) is granted.

6.  Attorneys' fees in the amount of $345.00 and costs in the amount of $181.00 are awarded for the prosecution of this Motion for Relief from Stay, but are not recoverable from the Debtor(s) or the Debtor(s)' Bankruptcy estate.}

7.  This Court makes no determination that the Debtor has defaulted on the underlying obligation.

<div align="center">###</div>

Attorney, Nathalie Rodriguez, is directed to serve a copy of this order on interested parties and file a proof of service within 3 days of entry of the order.