IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:                                                              Case No.: 8:19-bk-03039-RCT
                                                                    Chapter 7

Rodolfo Marin

        Debtor(s).
_____/

**CHAPTER 7 TRUSTEE'S APPLICATION TO RETAIN BK GLOBAL REAL ESTATE
SERVICES AND LISTING AGENT TO PROCURE
CONSENTED PUBLIC SALE PURSUANT TO 11 U.S.C. §§327, 328 AND 330**

        Richard M. Dauval, as Chapter 7 Trustee (the "Trustee") for the above referenced

debtor(s) (together, the "Debtor"), by and through the undersigned counsel, files this Application

for entry of an order authorizing retention of (1) BK Global Real Estate Services ("BKRES") under

the terms set forth in the agreement (the "BKRES Agreement") attached to BKRES' Affidavit of

Disinterestedness (the "BKRES Affidavit") and (2) Jubilee Real Estate ("Listing Agent") under

the terms of the agreement (the "Listing Agreement") attached to Listing Agent's Affidavit of

Disinterestedness at (the "Listing Agent Affidavit").  In support thereof, the Trustee respectfully

states as follows:

### PRELIMINARY STATEMENT

        Trustee requests approval to retain BKRES and Listing Agent, at no cost to the

estate, to negotiate with and persuade the first lienholder on certain real property in which the

estate has no equity to (1) allow Trustee to sell such property at the highest price that the market

will bear, (2) waive the resulting deficiency claim and (3) pay a 11 U.S.C. § 506 surcharge to

provide a carveout for the benefit of the estate and pay all other sale expenses, including a 6%

brokerage commission that will be shared equally by BKRES and Listing Agent only upon the

closing of a sale that is approved by this Court.

1

BKRES and its affiliates have proprietary technology and a national team of experienced loan servicing specialists, asset managers, negotiators, trustee relation managers, real estate brokers and agents, closing specialists and attorneys with extensive experience in procuring the consent of mortgage lenders and servicers to sell over-encumbered properties and provide significant cash recoveries to selling estates with no equity, through the Consented Sale™ process described herein.

The proposed agreements are attached and provide that BKRES and Listing Agent will not be entitled to any compensation from the estate whatsoever under any circumstances. They will only receive and share a customary brokerage commission that is paid by secured creditor as a 11 U.S.C. § 506 surcharge approved by this Court.

The Trustee (1) believes that hiring BKRES and Listing Agent to pursue a Consented Sale™ will likely result in secured creditor paying a carveout for the benefit of the estate with proceeds from the public sale of an asset in which the estate has no equity and (2) expects to obtain secured creditor's agreement to a Consented Sale™, and bring a separate motion seeking this Court's approval of the procedures, terms and conditions by which the over-encumbered property will be sold, within the coming months.

### JURISDICTION

This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), (M), (N), and (O).

Venue is proper before this Court pursuant to 28 U.S.C. §§1408 and 1409.

### BACKGROUND

On April 3, 2019 the Debtor commenced this case by filing a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code.

Thereafter, the Trustee was appointed as the Chapter 7 trustee in this case.

The Trustee held and concluded the 341 meeting on May 9, 2019.

The Debtor is the sole owner of real property located at **6987 74TH ST CIR E**

**BRADENTON, FL 34203** (the "Property").  The Debtor has not claimed the Property as exempt

and, upon information and belief, the Property is vacant.

The Debtor has no equity in the Property.  The Debtor's schedules reflect that the Property

is subject to a first mortgage lien (the "Senior Mortgage") in favor of Mr. Cooper (the "Secured

Creditor") in an amount exceeding $659,140.82.

The Trustee, after reviewing certain materials, including (without limitation) the

BK Score™[1], sales analysis report and opinion of value for the Property provided by BKRES and

Listing Agent, has determined it to be in the best interest of the Debtor's estate and all creditors to

negotiate to obtain Secured Creditor's agreement and consent ("Consent") to:

      a.  sell the Property to whichever third party Trustee determines to have made the

          best qualified offer during a public sale approved by the Court;

      b.  buy the Property from the Debtor's estate if (and only if) no such offer is made;

      c.  release the Senior Mortgage and otherwise waive all of its claims against the

          estate with respect to the Property (including any deficiency claims resulting

          from the proposed sale); and

      d.  agree to a 11 U.S.C. § 506 surcharge to pay all of the expenses associated with

          the proposed sale, including the payment of a 6% real estate brokerage

          commission to BKRES and Listing Agent and reimbursement of their out-of-

---

[1] The BK Score™ is a 100-point rating that is generated by a proprietary algorithm from 10 unique property attributes in order to consistently measure sales confidence and predict market value.

pocket expenses, and provide a carveout for the benefit of allowed unsecured creditors of the Debtor's estate.

Trustee expects BKRES and Listing Agent to obtain Secured Creditor's Consent and bring a separate motion seeking an order approving the sale of the Property (the "Motion to Approve Sale") within several months of the entry of the order sought by this Application.

By this Application, the Trustee requests authority pursuant to Sections 327, 328(a) and 330 of the Bankruptcy Code to (a) retain BKRES and Listing Agent to procure Secured Creditor's Consent, and (b) approve Secured Creditor's payment of the fees described below directly to BKRES and Listing Agent at closing of the sale of the Property, if and when the Consent and Motion to Approve Sale are granted.

## APPLICATION

Section 328(a) of the Bankruptcy Code provides, in relevant part, that a debtor "with the court's approval, may employ or authorize the employment of a professional person under section 327...on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed percentage or fee basis, or on a contingent fee basis." 11 U.S.C. § 328(a). Section 330 of the Bankruptcy Code permits the Court to "award to a trustee… or a professional person employed under section 327…(A) reasonable compensation for actual, necessary services rendered [by such party]… and (B) reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1).

As further described in the materials attached to their affidavits, BKRES[2] and Listing Agent have extensive experience obtaining the consent and agreement of mortgage lenders and

---

[2] BKRES is the broker affiliate of BK Global (http://www.bkginc.com/).

4

servicers to the sale of their collateral and resolution of any resulting unsecured claims in order to produce a recovery for estates from over-encumbered assets in which the estate has no equity.

The Trustee believes that the highest and best value for the Property will be generated through a sale in which the Property is widely marketed to the public and offered at the highest price that the market will bear. The Trustee further believes that such a sale is in the best interest of the Debtor's estate, but can only be achieved if Secured Creditor's Consent is first obtained. That is why the Trustee believes that retaining BKRES and Listing Agent to obtain Secured Creditor's Consent is in the best interests of the Debtor's estate.

In no event will the estate have any obligation to pay BKRES or Listing Agent. The terms of the BKRES Agreement and Listing Agreement provide that BKRES and Listing Agent are only entitled to payment if and when (a) Secured Creditor grants its Consent, (b) the Motion to Approve Sale is granted and (c) the Property is sold, in which event BKRES and Listing Agent will receive and share a 6% real estate brokerage commission at closing in accordance with the order approving the sale.

BKRES and Listing Agent will not be entitled to any fees if Secured Creditor does not grant its Consent or the Court does not grant the Motion to Approve Sale.

The Trustee submits that the terms of employment and compensation as set out in the BKRES Agreement and Listing Agreement are reasonable in light of the extensive experience of BKRES and Listing Agent and the nature of the services they provide.

BKRES attested that it is a disinterested person within the meaning of Section 101(14) of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 2014 and 2016(a). Attached hereto is an Affidavit of Disinterestedness of BKRES. BKRES also attests, pursuant to

Bankruptcy Rule 2016, that it shall not split or share its fee with any individual or entity other than Listing Agent.

Listing Agent attested that it is a disinterested person within the meaning of Section 101(14) of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 2014 and 2016(a). Attached hereto is an Affidavit of Disinterestedness of Listing Agent. Listing Agent also attests, pursuant to Bankruptcy Rule 2016, that it shall not split or share its fee with any individual or entity other than BKRES.

CONCLUSION

For the foregoing and all other necessary and proper purposes, the Trustee seeks the Court's authority to retain BKRES and Listing Agent in this case, and requests that the Court approve the compensation arrangements set forth in the BKRES Agreement and Listing Agreement pursuant to Sections 327, 328(a) and 330 of the Bankruptcy Code.

DATE: NOVEMBER 22, 2019                              RESPECTFULLY SUBMITTED,


                                        BY:    /S/ RICHARD M. DAUVAL, ESQ.
                                               Richard M. Dauval, Esq.
                                               Attorney for the Chapter 7 Trustee
                                               3900 1st Street North
                                               Saint Petersburg, FL 33703


**CERTIFICATE OF SERVICE**

I certify that on November 22, 2019, a true and correct copy of the foregoing was provided by U.S. mail and/or electronic delivery to: **U.S. Trustee**, ustp.region21.ecf@usdoj.gov; **David Smith, Esq.**, david@dwsmithlaw.com; **Rodolfo Marin**, 5107 N. Shade Ave. Sarasota, FL 34234

                                        By: /s/ Richard M. Dauval, Esq.
                                            Richard M. Dauval, Esq.