ORDERED.

Dated:  July 09, 2020

Roberta A. Colton
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:                                                       Case No.: 8:19-bk-03039-RCT
                                                             Chapter 7
Rodolfo Marin

DEBTORS                             /

ORDER GRANTING TRUSTEE'S MOTION TO SELL
REAL PROPERTY FREE AND CLEAR OF ALL LIENS AND INTERESTS,
 PAY SECURED CREDITOR(S), INTERESTED PARTIES AND TRANSACTIONAL COSTS
(6987 74th Street Cir. E., Bradenton, FL 34203)

THIS CASE came for hearing before the court on July 7, 2020 at 10:00 a.m. to consider Chapter 7 Trustee, Beth Ann Scharrer's ("Trustee") *Motion to Sell Real Property Free and Clear of Liens and Interests Pay Secured Creditors, Interested Parties and Transactional Costs* (the "Motion") (Dkt. No. 42).  Richard M. Dauval, Esq. appeared on behalf of the Trustee.  No other appearances were made.  Having considered the Motion, noting that no objections have been raised by any interested party, and for the reasons stated orally in open court, the Court finds that the Motion should be GRANTED. Accordingly, it is:

**ORDERED** as follows:

1.      The notice of the Motion and the hearing thereon is approved as proper and adequate under the circumstances.

2.      The Motion is GRANTED.

3.      The Trustee is authorized to sell the real property located at:

**Lot 185, River Place, a Subdivision, according to the Plat thereof, recorded in Plat Book 42, Page 173, of the Public Records of Manatee County, Florida.**

more commonly known as, 6987 74th Street Cir. E., Bradenton, FL 34203, (the "Real Property"), for the gross sale price of $370,000.00 (which includes a 11 U.S.C. § 506(c) surcharge (or, "carve out") of $18,500.00, pursuant to 11 U.S.C. § 363(f), free and clear of all liens, encumbrances and interests, and in accordance with the terms provided for in the Motion and as provided further below.

4.      The Trustee is authorized to pay the secured mortgage creditor Mr. Cooper (hereinafter "Mr. Cooper" or "Secured Creditor") the amount necessary to release their lien as of the date of closing.

5.      Bayrock Mortgage Corporation ("Bayrock Mortgage"), junior mortgage lienholders by virtue of mortgage recorded in Official Records Book 2218, Page 5713, of the Public Records of Manatee County, Florida shall be allowed thirty (30) days from the entry of the instant order to file an unsecured claim for the total owed to Bayrock Mortgage by the Debtor as of the date of the filing of the petition, and that claim shall be deemed timely filed.

6.      The eighteen thousand five hundred dollars ($18,500.00) 11 U.S.C. § 506(c) surcharge (or, "carve out") described in the Motion, and to be paid to the benefit of the bankruptcy estate at the closing of the sale of the Real Property, is unencumbered by the liens of the Real Property (i.e., Mr. Cooper, Bayrock Mortgage, et. al.).

7.      The Trustee is authorized to take any all actions and to execute any and all documents necessary and appropriate to effectuate and consummate the terms of said sale, including, executing a deed conveying the interests of the Debtor in the Real Property to Benjamin Santiago and Cristina Crespo (the "Buyers").

8.      The Buyers have not assumed any liabilities of the Debtors. The Buyers are found to be good faith buyers, disinterested parties and otherwise bonafide purchasers. The Buyers shall be afforded the protections provided under 11 U.S.C. § 363(m), and shall take the Real Property free and clear of liens, encumbrances and interests.

9.      The Trustee, and any escrow agent upon the Trustee's written instruction, shall be authorized to make such disbursements on or after the closing of the sale as are required by the purchase agreement or order of this Court, including, but not limited to, (a) all delinquent real property taxes and outstanding post-petition real property taxes pro-rated as of the closing with respect to the real property included among the purchased assets; and (b) other anticipated closing costs (estimated below):

> Total Sales/Brokers Commission:
> 6% of base sale price to Jubilee Real Estate Corp.            $ 22,200.00*
> *this commission is intended to be shared with a cooperating agent.
> Title Charges:                                                $ 4,175.00
> Government recording / transfer charges:                      $ 2,590.00
> Satisfaction of Liens:
>       Mr. Cooper                                              $ 317,699.85
> River Place Property Owners Association                       $ 4,500.00
> Misc. (Wire Fees)                                             $ 32.00

It is understood that the above anticipated closing costs and taxes are subject to per diem charges, changes in prorations, and otherwise represent approximate amounts. The Trustee is authorized to pay these amounts to the respective payees, or their reasonable equivalent amounts, depending on the subjective per diem alteration. The Trustee is to use her best business judgment and in the event a closing cost, including the satisfaction of liens, changes materially from the amounts listed above, the Trustee shall seek further relief from the court prior to making such a payment. Otherwise, payment to the above contemplated payees, in amounts above approximate amounts due to industry standard changes in value will not violate this court order.

10.    This Court retains jurisdiction to enforce and implement the terms and provisions of this Order and the purchase agreement, all amendments thereto, any waivers and consents thereunder, and each of the documents executed in connection therewith in all respects, including retaining jurisdiction to (a) compel delivery of the Real Property to the Buyer(s), (b) resolve any disputes arising under or related to the purchase agreement, and (c) resolve any disputes regarding liens, claims, or interests asserted against the Real Property.

11.    The purchase agreement and any related documents or other instruments may be modified, amended or supplemented by the parties thereto, in a writing signed by both parties without further order of the Court, provided that any such modification, amendment or supplement does not have a material adverse effect on the Debtor's bankruptcy estate.

Richard M. Dauval, Esq., is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and file a proof of service within three days of entry of the order.